```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| | : | 1:08CR--691 |
| v. | : | **I N D I C T M E N T** |
| | : | 18 U.S.C. § 2 |
| | : | 21 U.S.C. § 841(a)(1) |
| **CLARENCE NELSON** (1) | : | 21 U.S.C. § 841(b)(1)(A) |
| aka "Rabbit" "Rab" | : | 21 U.S.C. § 841(b)(1)(B) |
| **DERRICK WILLIAMS** (2) | : | 21 U.S.C. § 841(b)(1)(C) |
| | : | 21 U.S.C. § 843(b) |
| | : | 21 U.S.C. § 846 |
| | : | 21 U.S.C. § 853 |

J. BARRETT

THE GRAND JURY CHARGES THAT:

## COUNT 1
### (CONSPIRACY TO DISTRIBUTE HEROIN)

Beginning from in or about May, 2006, the exact date being unknown to the grand jury, and continuing up to and including the date of this indictment, in the Southern District of Ohio and elsewhere, **CLARENCE NELSON,** also known as (aka) "Rabbit" "Rab", and **DERRICK WILLIAMS**, the defendants herein, and others known and unknown to the grand jury, did knowingly, willfully, intentionally, and unlawfully combine, conspire, confederate, and agree, and have a tacit understanding with each other, to commit offenses against the United States, to wit: to knowingly,

willfully, intentionally and unlawfully distribute and possess with intent to distribute controlled substances and to possess controlled substances, to wit: heroin in excess of one (1) kilogram, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), (B) and (C).

It was a part of the conspiracy that defendant **CLARENCE NELSON**, aka "Rabbit" "Rab", would obtain heroin from persons unknown to the grand jury for distribution in Cincinnati, Ohio, in the Southern District of Ohio.

It was further a part of the conspiracy that **CLARENCE NELSON**, aka "Rabbit" "Rab", would distribute heroin to **DERRICK WILLIAMS**, and others for further distribution in the Cincinnati, Ohio, area.

It was further a part of the conspiracy that members of the conspiracy would use cellular telephones and/or electronic communications ("text messaging") to take and make orders for the sale of heroin and to arrange for deliveries of and payment for the drugs.

All in violation of 21 U.S.C. § 846.

2

## COUNT 2
## (DISTRIBUTION OF HEROIN)

On or about June 2, 2008, in the Southern District of Ohio, defendant **CLARENCE NELSON,** aka "Rabbit" "Rab", did knowingly, willfully, intentionally, and unlawfully distribute 57.4 grams of heroin, a Schedule I Narcotic Drug Controlled Substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2.

## COUNT 3
## (UNLAWFUL USE OF COMMUNICATION FACILITY)

On or about May 21, 2008, in the Southern District of Ohio, defendants **CLARENCE NELSON**, aka "Rabbit" "Rab", and **DERRICK WILLIAMS** did knowingly, intentionally, and unlawfully use a communication facility, that is a cellular telephone and/or electronic communications ("text messaging"), to facilitate the commission of a felony, that is, a conspiracy to distribute and to possess with intent to distribute a controlled substance, to wit: heroin, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, in that **CLARENCE NELSON**, aka "Rabbit" "Rab", and **DERRICK WILLIAMS** did use the communication facility to discuss and relay information concerning the purchase and delivery of 57.2 grams of heroin.

In violation of 21 U.S.C. § 843(b).

3

## COUNT 4
**(UNLAWFUL USE OF COMMUNICATION FACILITY)**

On or about May 29, 2008, in the Southern District of Ohio, defendants **CLARENCE NELSON**, aka "Rabbit" "Rab", and **DERRICK WILLIAMS** did knowingly, intentionally, and unlawfully use a communication facility, that is a cellular telephone and/or electronic communications ("text messaging"), to facilitate the commission of a felony, that is, a conspiracy to distribute and to possess with intent to distribute a controlled substance, to wit: heroin, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, in that **CLARENCE NELSON**, aka "Rabbit" "Rab", and **DERRICK WILLIAMS** did use the communication facility to discuss and relay information concerning the purchase and delivery of 100.1 grams of heroin.

In violation of 21 U.S.C. § 843(b).

## COUNT 5
**(UNLAWFUL USE OF COMMUNICATION FACILITY)**

On or about June 2, 2008, in the Southern District of Ohio, defendants **CLARENCE NELSON**, aka "Rabbit" "Rab", and **DERRICK WILLIAMS** did knowingly, intentionally, and unlawfully use a communication facility, that is a cellular telephone and/or electronic communications ("text messaging"), to facilitate the commission of a felony, that is, a conspiracy to distribute and

4

to possess with intent to distribute a controlled substance, to wit: heroin, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, in that **CLARENCE NELSON**, aka "Rabbit" "Rab", and **DERRICK WILLIAMS** did use the communication facility to discuss and relay information concerning the purchase and delivery of 57.4 grams of heroin.

In violation of 21 U.S.C. § 843(b).

### Forfeiture Allegation

Pursuant to 21 U.S.C. § 853(a), as a result of the violation in Counts 1 through 5, each defendant shall forfeit to the United States:

(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### Substitute Assets

Pursuant to 21 U.S.C. § 853(p), if any of the property that is forfeitable to the United States under 21 U.S.C. § 853(a), as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

5

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

the Court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).

A True Bill.

/S/

Grand Jury Foreperson

GREGORY G. LOCKHART
United States Attorney

ANTHONY SPRINGER
Deputy Criminal Chief